Slip Op. 17-57

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JINXIANG HUAMENG IMP & EXP CO., LTD., <br><br>    Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>and <br><br>HARMONI INTERNATIONAL SPICE, INC., ZHENGZHOU HARMONI SPICE CO., LTD., FRESH GARLIC PRODUCERS ASSOCIATION, CHRISTOPHER RANCH, L.L.C., THE GARLIC COMPANY, VALLEY GARLIC, and VESSEY AND COMPANY, INC., <br><br>    Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 16-00243 |

**MEMORANDUM AND ORDER**

[Plaintiff's motion for leave to amend its complaint is granted in part and denied in part.]

Dated: May 10, 2017

John J. Kenkel, Gregory S. Menegaz, J. Kevin Horgan, deKieffer & Horgan PLLC, of Washington, DC, for Plaintiff Jinxiang Huameng Imp & Exp Co., Ltd.

Emma E. Bond, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. With her were Chad A. Readler, Acting Assistant Attorney General, Reginald T. Blades, Jr., Assistant Director, and Jeanne E. Davidson, Director. Of Counsel was Emily Ruger Beline, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington DC.

Choe-Groves, Judge: This action was brought pursuant to 28 U.S.C. § 1581(c) to challenge the U.S. Department of Commerce's ("Commerce") final results in the new shipper review of Jinxiang Huameng Imp & Exp Co., Ltd. ("Plaintiff"). See Summons, Nov. 8, 2016, ECF No. 1. Before the court is Plaintiff's Motion to Amend Complaint. See Pl.'s Mot. Am. Compl., Mar. 29, 2017, ECF No. 35 ("Pl. Mot. Am. Compl."); see also Compl., Nov. 8, 2016, ECF No. 6 ("Compl."). Plaintiff seeks leave to amend its complaint by adding three counts pursuant to 28 U.S.C. § 1581(i) and § 1585. See First Am. Compl., Mar. 29, 2017, ECF No. 35-1 ("Pl. Am. Compl."). Plaintiff's motion is opposed by the United States ("Defendant"), Fresh Garlic Producers Association, Christopher Ranch, L.L.C., The Garlic Company, Valley Garlic, and Vessey and Company, Inc. See Pl. Mot. Am. Compl. 2. Harmoni International Spice Inc. and Zhenghou Harmoni Spice Co., Ltd. take no position on Plaintiff's motion. See id. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

Commerce published an antidumping duty order on fresh garlic from the People's Republic of China ("China") on November 16, 1994. See Fresh Garlic From the People's Republic of China, 59 Fed. Reg. 59,209 (Dep't Commerce Nov. 16, 1994) (antidumping duty order). The order resulted in the imposition of antidumping duties and the suspension of liquidation on entries of fresh garlic from China. See id. at 59,210.

Plaintiff, an exporter and producer of the subject merchandise, requested on May 11, 2015 that Commerce conduct a new shipper review and determine an antidumping duty rate for fresh garlic produced and exported by Plaintiff. See Fresh Garlic from the People's Republic of China, 80 Fed. Reg. 43,062, 43,062 (Dep't Commerce July 21, 2015) (initiation of antidumping duty new shipper review; 2014–2015). Commerce initiated a new shipper review of Plaintiff's

export practices for the period of November 1, 2014 through April 30, 2015. See id. at 43,062–63. Plaintiff produced and exported a single shipment of the subject merchandise that entered the United States during this period. See Conf. App. Documents Supp. Def.'s Mot. Dismiss Lack Jurisdiction Tab #4, Jan. 26, 2017, ECF No. 26 (ACE Report for New Shipper Review Entries). Commerce informed U.S. Customs and Border Protection ("Customs") on August 13, 2015 that Plaintiff's shipment was subject to a new shipper review, thereby suspending liquidation of that entry. See CBP Message No. 5225305, PD 22, barcode 3299703-01 (Aug. 13, 2015); see also 19 C.F.R. § 351.214(e) (directing that liquidation will be suspended for subject entries when Commerce initiates a new shipper review).

While the new shipper review was pending, Commerce published a notice of opportunity for interested parties to request an administrative review of the antidumping duty order covering fresh garlic from China entered into the United States from November 1, 2014 through October 31, 2015. See Opportunity to Request Administrative Review, 80 Fed. Reg. 67,706, 67,707 (Dep't Commerce Nov. 3, 2015). Commerce received requests to conduct an administrative review of more than forty producers and exporters of subject merchandise, which did not include Plaintiff. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 81 Fed. Reg. 736, 737–40 (Dep't Commerce Jan. 7, 2016). Commerce initiated the administrative review, but only with respect to producers and exporters named in the administrative review requests. See id.

Commerce issued instructions on February 1, 2016 directing Customs to (1) liquidate all entries of subject merchandise produced and exported by all companies who were not subject to the administrative review and assess antidumping duties equal to "the cash deposit or bonding rate in effect on the date of entry," and (2) continue suspending liquidation of entries produced or

Case 1:16-cv-00243-JCG   Document 42   Filed 05/10/17   Page 4 of 10

Court No. 16-00243                                                                                      Page 4

exported by the companies subject to the administrative review.  See Conf. App. Documents Supp. Def.'s Mot. Dismiss Lack Jurisdiction Tab #3 (CBP Message 6032304).  Commerce's instructions did not refer to the new shipper review of Plaintiff's entry; nor did Commerce instruct Customs to continue to suspend liquidation of entries subject to any relevant new shipper reviews.  See id.  On March 11, 2016, Customs liquidated the single entry that was the subject of Plaintiff's new shipper review.  See id. at Tab #4 (ACE Report for New Shipper Review Entries).  The entry was liquidated at the PRC-wide antidumping duty rate of $4.71 per kilogram, which was the cash deposit rate in effect on the date of the entry.  See id.

Unaware that Customs had liquidated Plaintiff's entry, Commerce proceeded with the new shipper review and issued final results on October 25, 2016.  See Fresh Garlic From the People's Republic of China, 81 Fed. Reg. 73,378 (Dep't Commerce Oct. 25, 2016) (final rescission of the semiannual antidumping duty new shipper review of Jinxiang Huameng Imp & Exp Co., Ltd.).  Commerce found in the final results that Plaintiff's single sale during the review period was not *bona fide* and rescinded the new shipper review.  See id. at 73,379.  Consequently, Commerce assessed the PRC-wide antidumping duty rate of $4.71 per kilogram for Plaintiff's entry of subject merchandise covered by the review.  See id.

On November 8, 2016, Plaintiff commenced this action to challenge Commerce's final results in the new shipper review.  See Summons.  Plaintiff's complaint included five counts contesting Commerce's findings, determinations, and conclusions from the new shipper review.  See Compl. ¶¶ 8–17.  Plaintiff stated that, at the time of its original complaint, it was unaware that Customs had liquidated the entry subject to the new shipper review.  See Pl. Mot. Am. Compl. 1.  Plaintiff subsequently learned of the liquidation of its entry when Defendant filed its

Motion to Dismiss for Lack of Jurisdiction on January 26, 2017.  See Def.'s Mot. Dismiss Lack Jurisdiction, Jan. 26, 2017, ECF No. 25 ("motion to dismiss"). [1]

Plaintiff now requests leave to amend its complaint to add three counts challenging the liquidation.  See Pl. Mot. Am. Compl. 1; Pl. Am. Compl. ¶¶ 25–30.[2]  Plaintiff's motion seeks to add two counts pursuant to 28 U.S.C. § 1581(i), asserting that (1) Customs unlawfully liquidated the single entry of subject merchandise subject to the new shipper review and (2) Commerce unlawfully failed to exclude Plaintiff's entry from the liquidation instructions issued during the administrative review.  See Pl. Am. Compl. ¶¶ 3, 25–28.  Plaintiff's motion also seeks to add one count pursuant to 28 U.S.C. § 1585 claiming that equity requires reliquidation of the entry in order to avoid substantial injury to the importer of record, who is not a party in this action.  See Pl. Am. Compl. ¶¶ 29–30.  Defendant argues that the requested amendments should be denied as futile because the court does not possess jurisdiction over these additional counts.  See Def.'s Reply Supp. Mot. Dismiss and Opp'n Pl.'s Mot. Am. Compl. 6–15, Apr. 12, 2017, ECF No. 41 ("Def. Resp.").

**DISCUSSION**

The Rules of the Court provide that, if a plaintiff seeks to amend its complaint more than 21 days after service of the complaint, the complaint may be amended "only with the opposing

---

[1] Defendant's motion to dismiss argues that Plaintiff's action must be dismissed as moot because Customs liquidated the single entry of subject merchandise that was subject to the new shipper review.  See id. at 5–8.  The court issues this memorandum and order solely to address Plaintiff's motion for leave to amend its original complaint.  The court will issue a separate decision ruling on Defendant's motion to dismiss.

[2] Plaintiff filed a Partial Consent Motion to Amend Scheduling Order on March 2, 2017 to extend the time to respond to Defendant's motion to dismiss.  See Pl.'s Partial Consent Mot. Amend. Scheduling Order, Mar. 2, 2017, ECF No. 31 ("motion to amend").  The court granted Plaintiff's motion to amend, notwithstanding the fact that the request was filed out of time and, without such a motion, Plaintiff would have been precluded from responding to the Defendant's motion to dismiss.  See Order, Mar. 3, 2017, ECF No. 34 (amending the scheduling order).

party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." USCIT R. 15(a)(2). Granting a litigant leave to amend a complaint lies within the discretion of the court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The Supreme Court has provided the following guidance regarding the circumstances in which a plaintiff should not be afforded an opportunity to amend a complaint:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."[3]

Foman, 371 U.S. at 182.

The U.S. Court of International Trade, like all federal courts, is one of limited jurisdiction and is "presumed to be 'without jurisdiction' unless 'the contrary appears affirmatively from the record.'" DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006) (quoting King Iron Bridge & Mfg. Co. v. Otoe Cty., 120 U.S. 225, 226 (1887)). The Court is empowered to hear civil cases brought against the United States pursuant to specific statutory grants of jurisdiction. See 28 U.S.C. § 1581. In addition to the statutory grants of jurisdiction under 28 U.S.C. § 1581(a)–(h), the Court has exclusive jurisdiction over:

> any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for--
>     (1) revenue from imports or tonnage;

---

[3] The Rules of the Court are, to the extent practicable, in conformity with the Federal Rules of Civil Procedure. The Rules of the Court at times deviate from the Federal Rules of Civil Procedure where required to tailor the rules to the actions ordinarily brought before the Court. See, e.g., USCIT R. 56.2. Except for minor differences in USCIT Rule 15(c)(2), USCIT Rule 15 is identical to Rule 15 of the Federal Rules of Civil Procedure. Compare USCIT R. 15 with Fed. R. Civ. P. 15.

> (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
> (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
> (4) administration and enforcement with respect to the matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

28 U.S.C. § 1581(i). It is well-settled that the Court's residual jurisdiction under 28 U.S.C. § 1581(i) "may not be invoked when jurisdiction under another subsection of 28 U.S.C. § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." Ford Motor Co. v. United States, 688 F.3d 1319, 1323 (Fed. Cir. 2012) (quoting Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987)).

The first count that Plaintiff seeks to add to its complaint is a claim pursuant to 28 U.S.C. § 1581(i) that Customs unlawfully liquidated the sole entry subject to the new shipper review. See Pl. Am. Compl. ¶¶ 27–28. Plaintiff challenges Customs' decision to liquidate the merchandise and, as such, the court would not have residual jurisdiction if Plaintiff could have brought its claim under 28 U.S.C. § 1581(a). See Ford Motor Co., 688 F.3d at 1323

Any party challenging a Customs' determination under 28 U.S.C. § 1581(a) must follow the statutory protest procedures before bringing a challenge in the Court. See 28 U.S.C. § 1581(a); 19 U.S.C. § 1514. The following parties are permitted to file a protest to challenge a decision made by Customs:

> [P]rotests may be filed with respect to merchandise which is the subject of a decision specified in subsection (a) of this section by--
>
>> (A) the importers or consignees shown on the entry papers, or their sureties;
>> (B) any person paying any charge or exaction;
>> (C) any person seeking entry or delivery;
>> (D) any person filing a claim for drawback;
>> (E) with respect to a determination of origin under section 3332 of this title, any exporter or producer of the merchandise subject to that determination, if

> the exporter or producer completed and signed a NAFTA Certificate of Origin covering the merchandise; or
> (F) any authorized agent of any of the persons described in clauses (A) through (E).

19 U.S.C. § 1514(c)(2). Plaintiff is a foreign producer and exporter of subject merchandise and does not fit the description of any of the persons enumerated in this provision. Exporters may file a protest, but in very limited circumstances that are not present in this case. See 19 U.S.C. § 1514(c)(2)(E). Defendant argues that the importer of record had the opportunity to file a timely protest, see Def. Resp. 11, but Plaintiff is not the importer of record. There is no information suggesting that Plaintiff was acting as an agent or paid any charge or exaction on behalf of the importer of record for the liquidated entry. Nor is there any evidence that the importer of record is controlled by Plaintiff and that Plaintiff is attempting to circumvent the protest process by bringing a claim pursuant to 28 U.S.C. § 1581(i). Plaintiff could not have brought an action to challenge Customs' liquidation of the entry because Plaintiff was not entitled to file a protest. Therefore, jurisdiction under 28 U.S.C. § 1581(i) is proper and Plaintiff's proposed amendment to include a challenge to Customs' liquidation is not futile. The court grants Plaintiff's request to add this claim to the amended complaint.

The second count that Plaintiff seeks to add to its complaint is a claim that Commerce unlawfully failed to exclude Plaintiff's entry from the liquidation instructions issued during the administrative review. See Pl. Am. Compl. ¶¶ 25–26. Plaintiff contends that the court has jurisdiction over this claim pursuant to 28 U.S.C. § 1581(i)(4), which provides the Court with jurisdiction over a challenge to Commerce's liquidation instructions. See Shinyei Corp. of Am. v. United States, 355 F.3d 1297, 1304–05 (Fed. Cir. 2004); Consolidated Bearings Co. v. United States, 348 F.3d 997, 999–1003 (Fed. Cir. 2003). Defendant argues that 28 U.S.C. § 1581(i) does not serve as a jurisdictional basis for Plaintiff's claim because Plaintiff could have protested

Customs' liquidation of the entry.  See Def. Resp. 12.  Plaintiff, as previously discussed, is an exporter and could not protest Customs' liquidation.  Thus, 28 U.S.C § 1581(a) was not an avenue of relief for Plaintiff.  See 19 U.S.C. § 1514(c)(2).  Plaintiff's only recourse to challenge Commerce's liquidation instructions was to bring a claim pursuant to 28 U.S.C. § 1581(i).[4]  The court has jurisdiction, therefore, over Plaintiff's challenge to Commerce's liquidation instructions issued during the concurrent administrative review.  The requested amendment is not futile with respect to this claim, and the court grants Plaintiff's request to add this claim to the amended complaint.

The third count that Plaintiff seeks to add to its complaint is a claim that equity requires the reliquidation of the merchandise in order to avoid substantial harm to the importer of record.  See Pl. Am. Compl. ¶¶ 29–30.  Plaintiff alleges that the court has jurisdiction over this claim because the Court "shall possess all the powers in law and equity of, or as conferred by statute upon, a district court of the United States."  28 U.S.C. § 1585.  This statute merely makes clear that the Court possesses the same plenary powers as a federal district court.  See H.R. Rep. No. 96-1235, at 50 (1980), reprinted in 1980 U.S.C.C.A.N. 3729, 3762.  Section 1585 does not serve as an independent basis for subject matter jurisdiction.  See Star Sales & Distributing Corp. v. United States, 10 CIT 709, 712, 663 F. Supp. 1127, 1130 (1986).  Further, Plaintiff does not have standing to bring this claim because it concerns the legal rights or interests of a third party and Plaintiff has not explained why the general prohibition against such a claim should not apply to

---

[4] The statute of limitations for a claim brought pursuant to 28 U.S.C. § 1581(i) is two years.  See 28 U.S.C. § 2636(i).  Plaintiff has timely asserted its claim because less than two years have passed since the cause of action accrued, regardless of whether the date of accrual was February 1, 2016 when Commerce issued the liquidation instructions or March 11, 2016 when Customs liquidated the entry.  See St. Paul Fire & Marine Ins. Co. v. United States, 959 F.2d 960, 964 (Fed. Cir. 1992) (discussing when a cause of action accrues).

the circumstances of this case.  See Kowalski v. Tesmer, 543 U.S. 125, 129 (2004).  The court does not have jurisdiction, therefore, over Plaintiff's claim that equity requires reliquidation.  The court finds that the requested amendment is futile with respect to this claim and denies Plaintiff's request to add this claim to the amended complaint.

## CONCLUSION

Therefore, upon consideration of Plaintiff's Motion to Amend Complaint, Defendant's Reply in Support of its Motion to Dismiss and Opposition to Plaintiff's Motion to Amend Complaint, all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that Plaintiff's Motion to Amend Complaint is granted in part and denied in part; and it is further

**ORDERED** that Plaintiff is granted leave to amend its complaint to include (1) the 28 U.S.C. § 1581(i) claim challenging Customs' liquidation of the entry that was the subject of Plaintiff's new shipper review and (2) the 28 U.S.C. § 1581(i) claim challenging Commerce's liquidation instructions issued in the administrative review of the antidumping duty order on fresh garlic from China; and it is further

**ORDERED** that Plaintiff is denied leave to amend its complaint to add the 28 U.S.C. § 1585 claim alleging that equity requires reliquidation in order to avoid substantial injury to the importer of record; and it is further

**ORDERED** that Plaintiff shall refile its First Amended Complaint to conform with this Memorandum and Order on or before May 12, 2017.

/s/  Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: May 10, 2017
New York, New York