Slip Op. 17-58

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JINXIANG HUAMENG IMP & EXP CO., LTD., <br><br>    Plaintiff, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>and <br><br>HARMONI INTERNATIONAL SPICE, INC., ZHENGZHOU HARMONI SPICE CO., LTD., FRESH GARLIC PRODUCERS ASSOCIATION, CHRISTOPHER RANCH, L.L.C., THE GARLIC COMPANY, VALLEY GARLIC, and VESSEY AND COMPANY, INC., <br><br>    Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 16-00243 |

## OPINION AND ORDER

[The court denies Defendant's motion to dismiss for lack of jurisdiction.]

Dated: May 10, 2017

John J. Kenkel, Gregory S. Menegaz, J. Kevin Horgan, deKieffer & Horgan PLLC, of Washington, DC, for Plaintiff Jinxiang Huameng Imp & Exp Co., Ltd.

Emma E. Bond, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States.  With her were Chad A. Readler, Acting Assistant Attorney General, Reginald T. Blades, Jr., Assistant Director, and Jeanne E. Davidson, Director.  Of Counsel was Emily Ruger Beline, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington DC.

Choe-Groves, Judge: This action was brought pursuant to 28 U.S.C. § 1581(c) to challenge the U.S. Department of Commerce's ("Commerce") final results in the new shipper review of Jinxiang Huameng Imp & Exp Co., Ltd. ("Plaintiff"). See Summons, Nov. 8, 2016, ECF No. 1. Before the court is the United States' ("Defendant") Motion to Dismiss for Lack of Jurisdiction pursuant to USCIT Rule 12(b)(1). See Def. Mot. Dismiss Lack Jurisdiction, Jan. 26, 2017, ECF No. 25 ("motion to dismiss"). Plaintiff opposes Defendant's motion to dismiss. See Pl. Opp'n Def. Mot. Dismiss Lack Jurisdiction, Mar. 29, 2017, ECF No. 36 ("Pl. Opp'n"). For the reasons set forth below, the court denies Defendant's motion to dismiss.

## BACKGROUND

The court presumes familiarity with the facts of this case as set out in the court's previous Memorandum and Order granting Plaintiff's Motion to Amend Complaint, dated May 10, 2017. See Jinxiang Huameng Imp & Exp Co. v. United States, 41 CIT __, Slip Op. 17-57, at *2–5 (May __, 2017) ("Mem. and Order"); see also Compl., Nov. 8, 2016, ECF No. 6; Pl.'s Mot. Am. Compl., Mar. 29, 2017, ECF No. 35; First Am. Compl., Mar. 29, 2017, ECF No. 35-1. Plaintiff's First Amended Complaint now includes the following claims: (1) five counts brought under 28 U.S.C. § 1581(c) that challenge Commerce's findings, determinations, and conclusions in the new shipper review; (2) one count brought under 28 U.S.C. § 1581(i) that challenges Customs' decision to liquidate Plaintiff's merchandise; and (3) one count brought under 28 U.S.C. § 1581(i) that challenges Commerce's liquidation instructions in the administrative review that was conducted concurrently with the new shipper review. See Pl.'s Mot. Am. Compl. 1–2, Mar. 29, 2017, ECF No. 35; First Am. Compl. ¶¶ 25–32, Mar. 29, 2017, ECF No. 35-1. See also Mem. and Order at *6–9.

**DISCUSSION**

The U.S. Court of International Trade, like all federal courts, is one of limited jurisdiction and is "presumed to be 'without jurisdiction' unless 'the contrary appears affirmatively from the record.'" DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006) (quoting King Iron Bridge & Mfg. Co. v. Otoe Cty., 120 U.S. 225, 226 (1887)).  The party invoking jurisdiction must "allege sufficient facts to establish the court's jurisdiction," id. at 1318 (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and therefore "bears the burden of establishing it." Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006).  The Court is empowered to hear civil cases brought against the United States pursuant to the specific grants of jurisdiction enumerated under 28 U.S.C. § 1581, including actions challenging a final determination made by Commerce in a new shipper review.  See 28 U.S.C. § 1581(c); 19 U.S.C. § 1516a(a)(2)(B)(iii).  As an Article III court, the Court only has jurisdiction where there is a live case or controversy.  See Liner v. Jafco, Inc., 375 U.S. 301, 306 (1964).  The Court lacks jurisdiction when a party has no "cognizable interest in the outcome" because the claim is moot and there is no case or controversy present.  See Powell v. McCormack, 395 U.S. 486, 496 (1969); see also Rice Servs. Ltd. v. United States, 405 F.3d 1017 (Fed. Cir. 2005).

Defendant argues that Plaintiff's claims are moot because the single entry that was the subject of the new shipper review was liquidated on March 11, 2016.  See Def. Mot. Dismiss Lack Jurisdiction 5–8.  Defendant cites Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983) for the proposition that the liquidation of Plaintiff's single entry moots the action and the court cannot exercise jurisdiction under 28 U.S.C. § 1581(c).  See id.  Plaintiff counters that liquidation of its single entry does not moot this case because if Plaintiff can

successfully challenge the liquidation as unlawful, the court could set aside the liquidation and reinstate the suspension of liquidation.  See Pl. Opp'n 5–10.

The court must draw all reasonable inferences in Plaintiff's (the non-movant's) favor when deciding Defendant's motion to dismiss.  See Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).  Plaintiff claims that (1) Customs' liquidation of the sole entry was in contravention of Commerce's instructions in the new shipper review, and (2) Commerce's liquidation instructions in the administrative review were unlawful.  If Plaintiff prevails on either of these claims, the court may void the liquidation of the entry, reinstate the suspension of liquidation, and order liquidation in accordance with the ensuing final court decision.  See Shinyei Corp. of Am. v. United States, 355 F.3d 1297, 1311–12 (Fed. Cir. 2004) (determining that the court may order any form of appropriate relief to correct liquidation due to wrongful agency action).  Given the potential relief available pursuant to 28 U.S.C. § 1581(i), the court must deny Defendant's motion to dismiss.

## CONCLUSION

Therefore, upon consideration of the Parties' pleadings, all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction is denied; and it is further

**ORDERED** that, consistent with the schedule set in the court's Order, ECF No. 34 issued on March 3, 2017, the action shall proceed as follows:

> (1) Plaintiff's motion for judgment on the agency record and brief in support shall be filed on or before June 9, 2017;

(2) Defendant's and Defendant-Intervenors' response briefs shall be filed on or before August 8, 2017;

(3) Plaintiff's reply brief shall be filed on or before September 5, 2017;

(4) Plaintiff shall file the joint appendix on or before September 19, 2017; and

(5) Any requests for oral argument shall be filed on or before September 26, 2017.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: May 10, 2017
New York, New York