Slip Op. 18-116

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JINXIANG HUAMENG IMP & EXP CO., LTD. and CS FARMING PRODUCTS, INC.,**<br><br>    **Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>    **Defendant,**<br><br>**and**<br><br>**HARMONI INTERNATIONAL SPICE, INC., ZHENGZHOU HARMONI SPICE CO., LTD., FRESH GARLIC PRODUCERS ASSOCIATION, CHRISTOPHER RANCH, L.L.C., THE GARLIC COMPANY, VALLEY GARLIC, and VESSEY AND COMPANY, INC.,**<br><br>    **Defendant-Intervenors.** | **Before: Jennifer Choe-Groves, Judge**<br><br>**Court No. 16-00243** |

### OPINION AND ORDER

[Remanding for the U.S. Department of Commerce to redetermine whether Plaintiffs' sale subject to the new shipper review of fresh garlic from the People's Republic of China was *bona fide*.]

Dated: September 10, 2018

John J. Kenkel, Alexandra H. Salzman, Gregory S. Menegaz, and J. Kevin Horgan, deKieffer & Horgan, of Washington, D.C., for Plaintiffs Jinxiang Huameng Imp & Exp Co., Ltd. and CS Farming Products, Inc.  With them on the brief was Judith L. Holdsworth.

Meen Geu Oh, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  With her on the brief were Chad

A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.  Of counsel on the brief was Emma T. Hunter, Attorney, Office of Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

Michael J. Coursey, John M. Herrmann, II, Joshua R. Morey, and Heather N. Doherty, Kelley Drye & Warren LLP, of Washington, D.C., for Defendant-Intervenors Fresh Garlic Producers Association, Christopher Ranch, L.L.C., The Garlic Company, Valley Garlic, and Vessey and Company, Inc.

Bruce M. Mitchell, Ned H. Marshak, and Andrew T. Schutz, Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP, of New York, N.Y., for Defendant-Intervenors Harmoni International Spice, Inc. and Zhengzhou Harmoni Spice Co., Ltd.


Choe-Groves, Judge:  This case involves a new shipper review of imported fresh garlic from the People's Republic of China ("China").  Plaintiffs Jinxiang Huameng Imp & Exp Co., Ltd. ("Huameng") and CS Farming Products, Inc. bring this action contesting the rescission of a new shipper review, in which the U.S. Department of Commerce ("Commerce" or "Department") found that Huameng's single sale of fresh garlic was not *bona fide*.  See Fresh Garlic From the People's Republic of China, 81 Fed. Reg. 73,378 (Dep't Commerce Oct. 25, 2016) (final rescission of the semiannual antidumping duty new shipper review of Jinxiang Huameng Imp & Exp Co., Ltd.) ("Huameng Rescission"); see also Issues and Decision Memorandum for the Final Rescission of Antidumping Duty Semiannual New Shipper Review on Fresh Garlic from the People's Republic of China: Jinxiang Huameng Imp & Exp Co., Ltd., A-570-831, (Oct. 14, 2016), available at https://enforcement.trade.gov/frn/summary/prc/2016-25675-1.pdf (last visited Sept. 5, 2018) ("Final IDM").

This matter is before the court on Plaintiffs' Rule 56.2 motion for judgment on the agency record challenging the final results of the Department of Commerce's rescission of a new shipper review.  See Pls. Jinxiang Huameng Imp & Exp Co., Ltd & CS Farming Products, Inc.'s

Rule 56.2 Mot. J. Agency R., Oct. 16, 2017, ECF No. 60; see also Pls. Jinxiang Huameng Imp &

Exp Co., Ltd. & CS Farming Products, Inc. Mem. Supp. Mot. J. Agency R., Oct. 16, 2017, ECF

No. 60-2 ("Pl. Mem."); Pls. Jinxiang Huameng Imp & Exp Co., Ltd. and CS Farming Products,

Inc.'s Reply Def.'s Mem. Opp'n Pls.' Rule 56.2 Mot. J. Agency R., Feb. 26, 2018, ECF No. 83.

Defendant United States urges the court to uphold Commerce's decision.  See Def.'s Mem.

Opp'n Pls.' Mot. J. Agency R., Jan. 12, 2018, ECF No. 80 ("Def. Resp.").  The Fresh Garlic

Producers Association, Christopher Ranch, L.L.C., The Garlic Company, Valley Garlic, and

Vessey and Company, Inc. (collectively, "Petitioners") oppose Plaintiffs' motion.  See Def.-

Intervenors' Resp. Pls.' Mot., Dec. 22, 2017, ECF No. 75 ("Pet. Resp.").  Harmoni International

Spice Inc. and Zhenghou Harmoni Spice Co., Ltd. (collectively, "Harmoni") support the

rescission.  See Def.-Intervenor Harmoni's Resp. Pls.' Mot., Dec. 22, 2017, ECF No. 68.  The

Parties requested oral argument, but were unable to schedule a mutually convenient hearing date.

The court did not hold an oral argument and is making its decision based on the briefs submitted

by the Parties.

## PROCEDURAL HISTORY

Commerce published an antidumping duty order regarding fresh garlic from the People's

Republic of China on November 16, 1994.  See Fresh Garlic From the People's Republic of

China, 59 Fed. Reg. 59,209 (Dep't Commerce Nov. 16, 1994) (antidumping duty order).  The

order resulted in the imposition of antidumping duties on entries of fresh garlic from China.  Id.

at 59,210.

Huameng, an exporter and producer of fresh garlic, was established on November 11,

2014.  *Bona Fide* Nature of the Sale in the Antidumping Duty New Shipper Review of the Fresh

Garlic from the People's Republic of China (PRC): Jinxiang Huameng Imp & Exp Co., Ltd. at 3,

PD 126, bar code 3469888-01 (May 17, 2016) ("*Bona Fide* Memo").  As a company formed

after the commencement of the eighteenth administrative review of fresh garlic, Huameng

requested a new shipper review based on a single sale of single-clove garlic that it produced and

exported, and Commerce initiated a new shipper review for the period from November 1, 2014

to April 30, 2015.  See Fresh Garlic from the People's Republic of China, 80 Fed. Reg. 43,062,

43,062–63 (Dep't Commerce July 21, 2015) (initiation of antidumping duty new shipper review;

2014–2015).  The Department issued initial and supplemental questionnaires, to which Huameng

responded in a timely manner.  See Decision Memorandum for Preliminary Results of

Antidumping Duty New Shipper Review of Fresh Garlic from the People's Republic of China:

Jinxiang Huameng Imp & Exp Co., Ltd. at 2, A-570-831, (May 17, 2016), available at

https://enforcement.trade.gov/frn/summary/prc/2016-12336-1.pdf (last visited Sept. 5, 2018)

("PDM"); Pl. Mem. 37.  Commerce did not ask follow-up questions related to its *bona fide*

determination.  See Pl. Mem. 23.  From November 17, 2015 to May 6, 2016, Commerce received

comments from interested parties, including Harmoni.  See PDM at 2.  Commerce issued a

Decision Memorandum regarding the *bona fide* nature of the sale on May 17, 2016.  See *Bona*

*Fide* Memo.  Harmoni, a participant in an ongoing administrative review of the industry, filed a

rebuttal and allegations of fraud against Huameng.  See Final IDM at 2.  Petitioners filed rebuttal

comments.  See id.  Responding to Harmoni's claims of fraud against Huameng, Commerce

conducted a verification review and issued a report on September 28, 2016.  See id.; Verification

of the Sales and Factors Response of Jinxiang Huameng Import & Export Co., Ltd. in the New

Shipper Review of Garlic from the People's Republic of China, PD 155, bar code 3510186-01

(Sep. 28, 2016).  After a comment period, Commerce issued the final results on October 25,

2016.  See Huameng Rescission, 81 Fed. Reg. at 73,378.

## ISSUE PRESENTED

The issue presented to the court is whether Commerce's decision that Plaintiffs' sale

subject to the new shipper review was not *bona fide* is supported by substantial evidence.  For

the reasons discussed below, the court finds that Commerce's decision is not supported by

substantial evidence and remands this matter for Commerce to redetermine, consistent with this

opinion, whether Plaintiffs' sale subject to the new shipper review was *bona fide*.

## JURISDICTION & STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of

1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012), and 28 U.S.C. § 1581(c), which grant

the court authority to review actions contesting final determinations in an antidumping duty

investigation.  The court will sustain a determination by Commerce that is supported by

substantial evidence on the record and is otherwise in accordance with the law.  19 U.S.C.

§ 1516a(b)(1)(B)(i).  In determining whether substantial evidence supports Commerce's

determination, the court considers "the record as a whole, including evidence that supports" or

that "fairly detracts from the substantiality of the evidence."  Nippon Steel Corp. v. United

States, 337 F.3d 1373, 1379 (Fed. Cir. 2003).

## ANALYSIS

Pursuant to 19 U.S.C. § 1675(a)(2)(B)(i), Commerce must conduct a new shipper review

when requested by a new exporter or producer who (1) was not subject to the previous period of

investigation for an antidumping duty review, and (2) is not affiliated with any exporter or

producer that exported during the previous period.  19 U.S.C. § 1675(a)(2)(B)(i).  The exporter

or producer requesting the new shipper review must have exported, or sold for export, subject

merchandise to the United States.  19 C.F.R. § 351.214(b)(1).  "The purpose of a new shipper

review is to provide an opportunity to an exporter or producer who may be entitled to an

individual antidumping rate, but was not active during the investigation, to be considered for

such a rate."  Marvin Furniture (Shanghai) Co. Ltd. v. United States, 36 CIT __, __, 867 F. Supp.

2d 1302, 1307 (2012).

      To determine whether a sale is *bona fide*, Commerce employs a totality of the

circumstances test to determine whether the subject sale is commercially reasonable.  Commerce

considers the following factors in its *bona fide* analysis:

> (I)      the prices of such sales;
>
> (II)     whether such sales were made in commercial quantities;
>
> (III)    the timing of such sales;
>
> (IV)    the expenses arising from such sales;
>
> (V)     whether the subject merchandise involved in such sales was resold in the United States at a profit;
>
> (VI)    whether such sales were made on an arms-length basis; and
>
> (VII)   any other factor the administering authority determines to be relevant as to whether such sales are, or are not, likely to be typical of those the exporter or producer will make after completion of the review.

19 U.S.C. § 1675(a)(2)(B)(iv).

      Commerce may rescind a new shipper review if (1) "there has not been an entry and sale

to an unaffiliated customer in the United States of subject merchandise" during the period of

review, and (2) an "expansion of the normal period of review to include an entry and sale to an

unaffiliated customer in the United States of subject merchandise would be likely to prevent the

completion of the review within the [required] time limits." 19 C.F.R. § 351.214(f)(2).  While

19 C.F.R. § 351.214(f)(2) does not specifically address a *bona fide* requirement, "Commerce

interprets the term 'sale' in [19 C.F.R.] § 351.214(f)(2)(i) to mean that a transaction it determines

not to be a *bona fide* sale is, for purposes of the regulation, not a sale at all." Shijiazhuang

Goodman Trading Co., Ltd. v. United States, 40 CIT __, __, 172 F. Supp. 3d 1363, 1373 (2016).

When Commerce determines that the sale subject to the new shipper review is not *bona fide*, it

may rescind the review.

     Plaintiffs assert that Commerce erred in determining that the subject sale was not *bona

fide* because its decision was not based on substantial evidence on the record, was arbitrary and

capricious, and was not in accordance with the law.  Plaintiffs' primary challenge is to

Commerce's determination that Commerce did not have sufficient evidence to determine

whether Huameng's subject sale was *bona fide*, and contest this finding on several bases.  See Pl.

Mem. 2–5.  Defendant and Harmoni claim that Commerce's determination was reasonable.  See

Def. Resp. 18–31; see also Pet. Resp. 2–3.  Defendant asserts that Commerce requested

information repeatedly regarding Huameng's contractual expenses, which Commerce believed

was necessary to verify Plaintiffs' claims that the sale was made "on the basis of the terms in the

contract and invoice."  See Def. Resp. 20; see also Final IDM at 6; *Bona Fide* Memo at 5.

Defendant argues that Huameng failed to cooperate by not providing information requested for

the new shipper review and intentionally obfuscating its sales terms, leading to Commerce's

conclusion that Huameng's single sale of single-clove garlic was not *bona fide*.  See Def. Resp.

29–30.  The issue considered by the court is whether Commerce properly rescinded the new

shipper review based on Commerce's asserted inability to complete the *bona fide* analysis

because of the failure of Huameng and its downstream U.S. customer to provide requested

documentation relating to payment of expenses.

> Commerce found specifically that because
>
> Huameng did not provide evidence that identifies the party that actually paid for [the] contractual expenses, the Department cannot definitely determine that the terms of the sales contract and commercial invoice were reported accurately.  As a result, the Department continues to find that the lack of proof of payment for these expenses is indicative that the sale was not a *bona fide* transaction.

Final IDM at 6.  Commerce requested that Huameng provide documentation showing that its

U.S. customer paid for U.S. Customs duties, international freight, and marine insurance, and

Huameng failed to provide such documents.  See id.  Commerce requested "a copy of each type

of agreement and all sales-related documentation generated in the sales process (including the

purchase order, internal and external order confirmation, invoice, shipping and export

documentation, and Customs entry documentation) for a sample sale in the U.S. market during

the [period of review]."  Response to Section A of Department's Questionnaire ("SAQR") Filed

on Behalf of Jinxiang Huameng Imp & Exp Co., Ltd. at 15–16, PD 23, bar code 3301651-01

(Sep. 1, 2015).  Commerce could not "definitively determine that the terms of the sales contract

and commercial invoice were reported accurately," and found therefore that Huameng failed to

"comply fully" with Commerce's requests.  Final IDM at 6.  Commerce concluded that the

missing proof of payment documentation was indicative of possible "unreported agreements"

between Huameng and its U.S. customer to falsely inflate prices "to achieve a zero dumping

margin," and that Huameng's sales were not *bona fide*.  Id.; see also *Bona Fide* Memo at 5.

> The court finds that substantial evidence does not support Commerce's decision to

rescind the new shipper review due to lack of sufficient information to conduct the statutory

*bona fide* analysis.  See Haixing Jingmei Chemical Products Sales Co., Ltd. v. United States, 41

CIT __, __, 277 F. Supp. 3d 1375, 1383 (2017) ("Haixing Jingmei") (noting that "Commerce

does not possess subpoena power to require the respondent or any other interested party to

respond to information requests," and therefore must "use facts available to fill any gaps in the

record" as intended by Congress).  The court in Haixing Jingmei found that Commerce did not

have the statutory authority "to rescind the new shipper review due to insufficient information"

when the respondent and its downstream customer failed to produce requested information.  Id.

In this case, Commerce cited a similar lack of sufficient information on downstream sales when

it rescinded the new shipper review.  The court finds that Commerce should have instead used

facts available, with or without an adverse inference, to fill any gaps in the record.

　　　　Huameng responded to Commerce's questions regarding the matter and produced some

documentation of sales expenses.  For example, Huameng provided documentation of various

transaction expenses, including ocean freight and related charges.  See Response to

Supplemental Section A Questionnaire ("SAQR") Filed on Behalf of Jinxiang Huameng Imp &

Exp Co., Ltd. at 3, 7, PD 81, bar code 3453018-01 (Mar. 28, 2016).  Commerce did not use the

information provided to fill gaps in the record or draw adverse inferences, but rather concluded

that the lack of information provided by Huameng and its downstream customer was indicative

of a non-*bona fide* transaction.  The court concludes that in light of Commerce's statutory

authority to utilize gap-filling information, Commerce's decision to rescind the new shipper

review due to insufficient information is not supported by substantial evidence.

　　　　For the foregoing reasons, the court remands this matter to Commerce for

redetermination.  The remaining arguments raised in the Parties' briefs are deferred pending the

redetermination.  The Parties may challenge any relevant remaining issues after Commerce

concludes its remand redetermination.

**CONCLUSION**

For the reasons stated above, it is hereby

**ORDERED** that the Huameng Rescission is remanded to Commerce for a

redetermination of whether Huameng's subject sale was *bona fide* as discussed in this opinion;

and it is further

**ORDERED** that the following schedule shall govern the remand proceedings:

1. Commerce shall file its remand redetermination on or before November 9, 2018;

2. Commerce shall file the administrative record on remand on or before November 26,
   2018;

3. The Parties shall file any comments on the remand redetermination on or before
   December 12, 2018;

4. The Parties shall file any replies to the comments on or before January 11, 2019; and

5. The joint appendix shall be filed on or before January 18, 2019.


                                                      /s/ Jennifer Choe-Groves
                                                     Jennifer Choe-Groves, Judge

Dated:  September 10, 2018
            New York, New York