Slip Op. 19-36

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JINXIANG HUAMENG IMP & EXP CO., LTD. and CS FARMING PRODUCTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> HARMONI INTERNATIONAL SPICE, INC., ZHENGZHOU HARMONI SPICE CO., LTD., FRESH GARLIC PRODUCERS ASSOCIATION, CHRISTOPHER RANCH, L.L.C., THE GARLIC COMPANY, VALLEY GARLIC, and VESSEY AND COMPANY, INC., <br><br> Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge <br><br> Court No. 16-00243 |

OPINION

[Sustaining the U.S. Department of Commerce's determination on remand that Plaintiffs' sale subject to the new shipper review of fresh garlic from the People's Republic of China was not *bona fide*.]

Dated: March 21, 2019

John J. Kenkel, Alexandra H. Salzman, Gregory S. Menegaz, and J. Kevin Horgan, deKieffer & Horgan PLLC, of Washington, D.C., for Plaintiffs Jinxiang Huameng Imp & Exp Co., Ltd. and CS Farming Products, Inc.

Meen Geu Oh, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With her on the brief were Joseph

H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Emma T. Hunter, Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

Michael J. Coursey, John M. Herrmann, II, and Joshua R. Morey, Kelley Drye & Warren, LLP, of Washington, D.C., for Defendant-Intervenors Fresh Garlic Producers Association, Christopher Ranch, L.L.C., The Garlic Company, Valley Garlic, and Vessey and Company, Inc.

Bruce M. Mitchell, Ned H. Marshak, and Andrew T. Schutz, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of New York, N.Y., for Defendant-Intervenors Harmoni International Spice, Inc. and Zhengzhou Harmoni Spice Co., Ltd.

Choe-Groves, Judge: This case involves a new shipper review of imported fresh garlic from the People's Republic of China ("China"). Plaintiffs Jinxiang Huameng Imp & Exp Co., Ltd. ("Huameng") and CS Farming Products, Inc. (collectively, "Plaintiffs") initiated this action to contest the rescission of a new shipper review, in which the U.S. Department of Commerce ("Commerce") found that Huameng's single sale of fresh garlic was not *bona fide*. See Fresh Garlic From the People's Republic of China, 81 Fed. Reg. 73,378 (Dep't Commerce Oct. 25, 2016) (final rescission of the semiannual antidumping duty new shipper review of Jinxiang Huameng Imp & Exp Co., Ltd.).

Before the court are the Final Results of Redetermination Pursuant to Remand, Dec. 7, 2018, ECF No. 94-1 ("Remand Results"), filed by Commerce as directed in the court's prior opinion. See Jinxiang Huameng Imp & Exp Co., Ltd. v. United States, 42 CIT __, 335 F. Supp. 3d 1288 (2018) ("Jinxiang Huameng I"). Plaintiffs did not file any comments in opposition to the Remand Results. Defendant requested that the court sustain the Remand Results. See Def.'s Request Sustain Remand Results, Feb. 27, 2019, ECF No. 96. Defendant-Intervenors the Fresh Garlic Producers Association, Christopher Ranch, L.L.C., The Garlic Company, Valley Garlic,

Court No. 16-00243 Page 3

and Vessey and Company, Inc. (collectively, "Petitioners") submitted comments in support of the Remand Results.  See Def.-Intervenors' Comments Supp. Remand Redetermination, Mar. 1, 2019, ECF No. 98.  For the foregoing reasons, the court sustains Commerce's Remand Results.

**PROCEDURAL HISTORY**

The court presumes familiarity with the facts of this case.  See Jinxiang Huameng I.  The court remanded this matter for Commerce to reassess its finding that Plaintiffs' sale subject to the new shipper review was not *bona fide*.

On remand, Commerce reopened the record and issued supplemental questionnaires to Huameng.  See Remand Results at 3.  Commerce also placed information on the record regarding the ultimate U.S. customer for the sale in question, on which Petitioners commented.  See id. at 3–4.  Commerce analyzed whether Huameng's single sale of single-clove garlic was *bona fide* under 19 U.S.C. § 1675(a)(2)(B)(iv) and, based on the record, concluded that it was not.  See id. at 4–25.  As a result, Commerce continued to find that recession of Huameng's new shipper review is appropriate.  See id. at 25.

Commerce released the draft results of redetermination on November 23, 2018.  Only Petitioners provided comments.  See Remand Results at 24.  Commerce filed the Remand Results with the court on December 7, 2018.  See id.

**JURISDICTION AND STANDARD OF REVIEW**

The court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2012), and 28 U.S.C. § 1581(c), which grant the court authority to review actions contesting final determinations in an antidumping duty investigation.  The court will sustain a determination by Commerce that is supported by

substantial evidence on the record and is otherwise in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i). In determining whether substantial evidence supports Commerce's determination, the court considers "the record as a whole, including evidence that supports" or that "fairly detracts from the substantiality of the evidence." Nippon Steel Corp. v. United States, 337 F.3d 1373, 1379 (Fed. Cir. 2003). The results of a redetermination pursuant to court remand are reviewed also for compliance with the court's remand order. ABB Inc. v. United States, Slip Op. 18-156, 2018 WL 6131880, at *2 (CIT Nov. 13, 2018); SolarWorld Ams., Inc. v. United States, 41 CIT __, __, 273 F. Supp. 3d 1314, 1317 (2017).

**ANALYSIS**

The court found in Jinxiang Huameng I that substantial evidence did not support Commerce's decision to rescind Huameng's new shipper review because Commerce lacked sufficient information to conduct the *bona fide* analysis required by 19 U.S.C. § 1675. See Jinxiang Huameng I, 42 CIT at __, 335 F. Supp. 3d at 1293. Commerce reopened the record on remand and analyzed Huameng's single sale of single-clove garlic according to all the factors set forth in the statute. See Remand Results at 4–23. To the extent that Commerce lacked complete and accurate information and supporting documentation for two of the factors (expenses arising from the sale and whether the sale was made on an arms-length basis), Commerce applied facts otherwise available with an adverse inference. See id. at 6–8. The court concludes that the Remand Results are supported by substantial evidence and comport with 19 U.S.C. § 1675.

Because Plaintiffs did not file any comments on the Remand Results in the administrative proceedings or before the court, Plaintiffs have failed to raise a viable challenge to the Remand Results. See 28 U.S.C. § 2637(d) (providing that the court shall, where appropriate, require the

Court No. 16-00243       Page 5

exhaustion of administrative remedies). Commerce complied with the court's order in the Remand Results, and its redetermination is uncontested. Because there are no further issues to review, the court sustains Commerce's Remand Results.

## CONCLUSION

For the reasons stated above, the court sustains Commerce's Remand Results. Judgment will be entered accordingly.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:   March 21, 2019
         New York, New York